UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HERNANDEZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CLOVER FLAT LAND FILL INC, et al.,<br><br>    Defendants. | Case No. 3:24-cv-07490-JSC<br><br>**ORDER RE: MOTIONS TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 40, 41 |

Plaintiffs, 15 individuals who are current and former employees of the 12 Defendants named in this action, bring 27 discrimination, labor, tort, and assorted other claims relating to their employment. The Court previously granted Defendants' motions to dismiss because, among other issues, Plaintiffs had brought claims on behalf of individuals who were not named a plaintiff, brought a claim against an individual who was not named as a defendant, and Plaintiffs failed to plead sufficient facts as to each plaintiff's allegations as to each defendant and instead group pled all claims. (Dkt. No. 35.[1]) Plaintiffs thereafter filed the now operative First Amended Complaint, which Defendants have again moved to dismiss. (Dkt. Nos. 38, 40, 41.[2]) Having considered the parties' briefs, the Court concluded oral argument was not required, *see* Civ. L.R. 7-1(b), and vacated the September 11, 2025 hearing.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] The parties have since stipulated to dismissal of Defendant Pestoni Enterprises LLC thus terminating its motion to dismiss. (Dkt. No. 43.)

As Plaintiffs' First Amended Complaint continues to suffer from the pleading defects previously identified, the Court DISMISSES the federal claims without further leave to amend, DECLINES to exercise supplemental jurisdiction of the state law claims, and DISMISSES the state law claims without prejudice to any plaintiff pursuing those claims in state court.

## JURISDICTION

Plaintiffs filed their complaint in federal court on the basis of federal question subject matter jurisdiction; specifically, their first cause of action is brought under 42 U.S.C. § 1981 and their second is brought under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. (Dkt. No. 38 at ¶ 39.) Plaintiffs contend the Court has supplemental jurisdiction of the 25 remaining state law claims under 28 U.S.C. § 1367. (*Id*.)

## DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with enough specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

The Court previously dismissed Plaintiffs' complaint as unwieldy and unmanageable as it alleged each defendant was liable to each plaintiff for each of the 31 claims and failed to allege sufficient facts in support of any of the alleged claims. For example, all plaintiffs brought disability discrimination claims, but Plaintiffs admitted not all Plaintiffs had a FEHA qualifying disability. (Dkt. No. 1 at ¶¶ 293-300 (Ninth Claim for Disability Discrimination); Dkt. No. 42 at 6-7). The complaint also appeared to bring wrongful termination claims by all Plaintiffs (Dkt. No. 1 at ¶¶ 396-401 (Twenty-Second Claim for Wrongful Termination)), but again, Plaintiffs admitted at oral argument that not all Plaintiffs were terminated. (Dkt. No. 42 at 6-7.) The Court explained

2

that the complaint did not even comply with Federal Rules of Civil Procedure 11. (*Id.* at 7-8). So the Court nonetheless dismissed the complaint with leave to amend, and gave Plaintiffs 60 days to file an amended complaint so they could consider what claims they actually had a good faith factual basis to bring. (*Id.* at 8.)

Unfortunately, the First Amended Complaint does little to address these issues. While Plaintiffs have added length to their allegations with their First Amended Complaint, which now totals 115 pages, they have failed to add clarity and instead continue to plead their claims as to all Defendants and allege conduct as to "Plaintiffs" collectively. As discussed in more detail below, at a minimum, not even one plaintiff states a federal claim against even one defendant.

### A.     First Claim: 42 U.S.C. § 1981

Each of the 15 plaintiffs brings a 28 U.S.C. § 1981 claim against all 11 corporate defendants. In relevant part, Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens...." 42 U.S.C § 1981(a). So, to plausibly allege a prima facie case of discrimination under § 1981, a plaintiff "must initially identify an impaired contractual relationship under which the plaintiff has rights ... [and] must also plausibly allege that the defendant impaired that relationship on account of intentional discrimination." *Astre v. McQuaid*, 804 F. App'x 665, 666 (9th Cir. 2020). Each plaintiff must plead and prove race was the "but for" cause of the impairment of the contractual relationship. *Comcast Corp. v. Nat'l Assn. of African American-Owned Media*, 589 U.S. 327, 341 (2020).

Plaintiffs have failed to make a prima facie showing of a Section 1981 claim. First, Plaintiffs have not alleged what if any contract each of them had with each of the 11 named defendants and how the unidentified contract was impaired. Without information regarding their alleged contracts, "the Court cannot conclude that any alleged discrimination by [Defendants] has 'impair[ed] an existing contractual relationship' because it cannot determine what rights Plaintiffs had under that relationship." *Broadmoor House, Inc. v. Reg'l Ctr. of the E. Bay*, No. 25-CV-00992-CRB, 2025 WL 1104773, at *1 (N.D. Cal. Apr. 14, 2025) (quoting *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)).

3

Second, Plaintiffs have not plausibly alleged what if any adverse actions were taken based on their race; rather, they simply parrot the elements of the claim. (Dkt. No. 38 at ¶ 248 ("their race/nationality was a substantial motivating factor in Defendants' decision to take adverse actions against Plaintiffs.").) "To plausibly plead intentional racial discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief— he must instead allege some facts that demonstrate that race was the reason for defendant's actions." *Ray v. Am. Airlines, Inc.*, 755 F. Supp. 3d 1277, 1281 (C.D. Cal. 2024) (cleaned up). "The mere intersection of plaintiff's race and his alleged mistreatment by a defendant, in other words, is not enough to 'nudge[ ]' plaintiff's claim of racial discrimination 'across the line from conceivable to plausible.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Finally, Plaintiffs have not alleged facts that plausibly support an inference race was the "but for" cause any impairment of their contractual relationships. Rather, Plaintiffs allege generally that non-Latino workers receive preferential treatment and "Defendants" made racist and derogatory remarks regarding Latinos and immigrants. (Dkt. No. 38 at ¶¶ 210-220.)

Accordingly, despite being given leave to amend, each of the 15 Plaintiffs still has not alleged facts which plausibly state a Section 1981 claim against any of the 11 corporate defendants.

### B. Second Claim: 29 U.S.C. § 2615

Four plaintiffs bring a claim for discrimination and retaliation in violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2615: Juan Manuel Carrillo Sr., Lusiano Morales, Pomilio Jacinto Altamirano Reyes, Juan Carrillo De La Luz. Each brings the claim against each of the 11 corporate defendants. (Dkt. No. 38 at ¶¶ 255-264.) To state an FMLA claim, each Plaintiff must allege: (1) he was eligible for the FMLA's protections; (2) his employer was covered by the FMLA; (3) he was entitled to leave under the FMLA; (4) he provided sufficient notice of his intent to take leave; and (5) his employer denied him FMLA benefits to which he was entitled. *See Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

The First Amended Complaint includes **no** allegations as to any of these four plaintiffs requesting or having been denied FMLA leave. So, the Amended Complaint does not plausibly

allege an FMLA claim.

### C. Leave to Amend

Defendants moved to dismiss the First Amended Complaint on the ground, among others, that Plaintiffs still failed to make factual allegations that plausibly support an inference that any single defendant—let alone all defendants—is liable to any plaintiff on any cause of action. (Dkt. No. 40 at 14-15.) Plaintiffs' opposition baldly asserted that they "alleged detailed factual content that, when accepted as true and given all reasonable inferences, establishes viable claims for relief against all Defendants." (Dkt. No. 45 at 15.) But nowhere in the opposition do they identify alleged facts to support those inferences, and despite scouring the First Amended Complaint, the Court was unable to find them. Given Plaintiffs' failure to add any factual allegations that support the federal claims[3], despite the Court granting Plaintiffs 60 days to file an amended complaint and expressly warning Plaintiffs they had to plead facts and comply with *Iqbal/Twombly*, it is apparent further leave to amend these claims would be futile.

Further, the Court notes Plaintiffs' opposition brief raises troubling Rule 11 issues. (Dkt. No. 45.) Plaintiffs improperly filed a 39-page brief without leave. *See* Civ. L.R. 7-3(a) (an opposition brief or memorandum may not exceed 25 pages of text). The brief also includes a citation to *Jimenez v. U.S. Cont'l Mktg., Inc.*, 41 Cal.App.5th 189 (2019) with a quotation from that case that does not exist. (Dkt. No. 45 at 21 ("[t]he most important factor is centralized control of labor relations, which is shown by examining the parent's role, if any, in hiring, firing, discipline, pay, insurance, records, and supervision.".) Likewise, the brief references a quotation from *Roberts v. Cnty. of Riverside*, 2020 WL 3965027, at *3 (C.D. Cal. June 5, 2020), that also does not exist in the case. (Dkt. No. 45 at 11 ("two situations in which collective pleading would be appropriate.").

### D. State Law Claims

Having dismissed the two federal claims (out of 27 total claims), and the case not even having proceeded to discovery, the Court declines to exercise supplemental jurisdiction of the

---

[3] The redlined version of Plaintiffs' First Amended Complaint illustrates Plaintiffs failure to add any allegations in support of their federal claims. (Dkt. No. 54-1 at ECF 72-73, 80-84.)

remaining 25 state law claims.  *See* 28 U.S.C. § 1367(c)(3); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) ("When ... the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." (alteration in original, citation and internal quotation marks omitted)).

## CONCLUSION

For the reasons stated above, the corporate Defendants' motion to dismiss is GRANTED without leave to amend as to the first and second federal claims.  (Dkt. No. 40.)  All the remaining state law claims against all of the defendants are dismissed without prejudice.

Defendant Christina Pestoni's motion to dismiss is DENIED AS MOOT in light of this order. (Dkt. No. 41.)

This Order disposes of Docket Nos. 40 and 41.

**IT IS SO ORDERED.**

Dated: September 11, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge